931 F.2d 56
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BIRCHCREST INDUSTRIES, INC., doing business as Birchcrest
Marketing, Plaintiff-Appellant
v.
ROBINSON KNIFE MANUFACTURING COMPANY, a New York
corporation, Defendant-Appellee.
 No. 90-1971.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1991.
 
 Before MERRITT, Chief Judge, and KENNEDY and NATHANIEL R. JONES, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 In this diversity contract case, plaintiff appeals the grant of summary judgment in favor of the defendant. The district court held as a matter of law that plaintiff was not entitled to sales commissions under a contract signed by plaintiff and defendant's predecessor-in-interest. We reverse the summary judgment and remand to the district court for further discovery and trial on the merits.
 
 
 2
 Plaintiff was hired by J & F Imports to market a line of kitchen gadgets labeled "Chef Major" to K Mart due to plaintiff's expertise and knowledge of K Mart. A contract was signed which gave each party the right to terminate the agreement upon 30 days notice to the other, and which defined K Mart as the "only ... territory" in which plaintiff could represent J & F. The contract also provided that "J & F Imports, Inc. will pay a sales commission of 3% on all orders shipped to the Territory" and contained a California choice of law provision.
 
 
 3
 Defendant bought the "Chef Major" line and J & F's contract with plaintiff from J & F. Shortly thereafter, defendant gave notice to plaintiff of termination of the agreement. The notice set out a cut-off date after which it stated it would not pay commissions. It is unclear from the record what shipments were made and orders filed after the termination.
 
 
 4
 Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), sets out the rules for summary judgment. For summary judgment to be denied, there must be sufficient evidence favoring the party opposing summary judgment for a jury to return a verdict for that party. Id. at 249. The trial judge is not to weigh the evidence and determine the truth, but only to determine whether the moving party had foreclosed the possibility of the existence of facts which might favor the nonmoving party. Id. The inquiry is whether there is evidence which presents a "sufficient disagreement to require submission to a jury, or whether it is so one sided that one party must prevail as a matter of law." Id. at 251-252.
 
 
 5
 Under California law, termination of a manufacturer's representation agreement does not cut off the agent's rights to commissions on orders and shipments for which he was the effective "procuring cause," even though the orders had not yet been received in final form or the shipments made at the time of termination. Fiberchem, Inc. v. General Plastics Corp., 495 F.2d 737 (9th Cir.1974). Even if shipments or sales were consummated by the principal after the termination of the agency, the agent is entitled to commission if the sale or shipments were procured by him. Zinn v. Ex-Cell-O Corp., 24 Cal.2d 290, 149 P.2d 177 (Cal.1944).
 
 
 6
 An agent is the "procuring cause" when his efforts have been sufficiently important in achieving a result for the accomplishment of which the principal promised to pay him so that it is just that the principal should pay the promised compensation to him. Chamberlain v. Abeles, 88 Cal.App.2d 291, 198 P.2d 927 (Cal.App.1948). The "procuring cause" is the cause which originates a series of continuous events which result in the object of the employment of the representative. Whether a representative is the "procuring cause" of a sale is a question of fact. Id.
 
 
 7
 California law also provides that even without an explicit contract provision for payment for shipments and orders after termination of commissions earned, such commissions are due if the agent is the "procuring cause." Zinn, 149 P.2d at 180-181; Chamberlain, 198 P.2d 927; Wise v. Reeve Electronics, Inc., 183 Cal.App.2d 4, 6 Cal.Rptr. 587 (Cal.App.1960).
 
 
 8
 Because the District Court's summary judgment was entered on an ambiguous record before discovery was complete, there is no factual record from which we can tell upon what facts the district court based its finding that plaintiff was not the "procuring cause", nor whether such a finding is correct. The District Court treated as a question of law--whether plaintiff was a "procuring cause" of later shipments and sales--a question that is in part a question of fact.
 
 
 9
 Accordingly, we REVERSE the entry of summary judgment and REMAND the case to the district court for further proceedings consistent with this opinion.